**In re John Dewayne HAWKINS, Jr., Heidi Michelle Hawkins, Debtors.**

**Bankruptcy No. 5–91–00144.**

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

Nov. 20, 1991.

Daniel J. Neher, Harrisonburg, Va., for debtors.

Robert W. Jackson, Charlottesville, Va., for Sovran Bank, N.A.

### DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

The issue for determination by the court is whether the debtors' right of redemption under 11 U.S.C. § 722 expires upon the entry of the order discharging the debtors. For the reasons stated in this decision and order the court holds that the entry of the discharge order does not bar a motion by the debtors for redemption under 11 U.S.C. § 722.

This case arises in the context of a hearing on a post-discharge motion by the debtors to reaffirm a debt to Sovran Bank, N.A. which is secured by a 1987 Dodge Colt automobile. Since the reaffirmation agreement was filed on June 21, 1991, and the debtors' discharge order was entered on June 17, 1991, a hearing was scheduled and held on August 9, 1991, to permit the debtors to offer evidence pursuant to 11 U.S.C. § 524(d)(2). The debtors appeared and offered the requisite evidence and the court proceeded to instruct the debtors under 11 U.S.C. § 524(d)(1). In conjunction with the instruction, the debtors were informed of their right to redemption under 11 U.S.C. § 722. The debtors indicated that they wish to reconsider their motion for reaffirmation in view of the instructions concerning redemption. Accordingly, the court continued the hearing to September 6, 1991, and on August 30, 1991, the debtors filed a motion for redemption of the 1987 Dodge Colt asserting that it had a fair market value of $1,800.00. Pursuant to the reaffirmation agreement which had been tendered prior to the hearing on the motion for reaffirmation, the principal amount of the debt to Sovran Bank, N.A. is $4,622.52. Hearing on the motion for redemption was set for September 17, 1991, and Sovran was noticed.

At the hearing on September 17, 1991, the parties stipulated that the value of the vehicle is $1,800.00 and stipulated that the only issue for purposes of the redemption was whether the entry of the discharge order terminated the right of the debtors to redeem under 11 U.S.C. § 722. Sovran submitted authorities in support of its position and the court took the matter under advisement.

11 U.S.C. § 722 states as follows:

An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying

the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.

The parties have stipulated that the amount of the allowed secured claim is $1,800.00. There is no language in section 722 which would indicate that the debtor is confined to any given time period for exercising the right of redemption.

As noted above, the issue as to the time when a debtor must exercise the right of redemption arises, in this case, in the context of a motion for reaffirmation of the Sovran debt which changed to a motion for redemption once the parties were fully advised of their redemptive right under the Bankruptcy Code. Under 11 U.S.C. § 524(d), it is clear that a debtor may reaffirm a debt post-discharge. Both the reaffirmation provisions of the Bankruptcy Code and the redemption provisions of the Bankruptcy Code comprise elements of the concept of a fresh start for debtors. In fact, the reaffirmation provisions and the redemption provisions of the code were considered and debated by Congress when it was considering enactment of the Bankruptcy Code. Both reaffirmation and redemption were seen as options available to the debtor. However, reaffirmation which would permit the debtor to pay a pre-petition debt according to its pre-petition terms or such other terms as the creditor and debtor might agree was considered as a consensual-type of arrangement between the debtor and the creditor. On the other hand, redemption was considered to be non-consensual. In short, the debtors could elect to have the property valued by the bankruptcy court and then redeem in a lump sum immediately. Taken together, the reaffirmation provisions and the redemption provision of the Bankruptcy Code reflected an effort by Congress to balance the interest of debtors and creditors under the fresh start concept. Under reaffirmation, the creditor could make the business judgment that it would permit deferred payments over time and take the risk that it would receive all of the payments which it was entitled to pre-petition. On the other hand, redemption would permit a lump sum payment immediately to the secured creditor of the value of its collateral. Under redemption, the secured creditor would get what it could reasonably expect to get at a sale of its property under its security interest. *See, In re Cruseturner,* 8 B.R. 581, 586–587 (Bkrtcy.1981).

In the case at bar, the secured creditor seeks to disrupt the balance which Congress structured by arguing different time periods for redemption or reaffirmation. If the secured creditor is successful in cutting off the right of the debtors to redeem post-discharge, then the creditor puts the debtor in the position of either reaffirming the debt post-discharge or losing the collateral. In this case, the difference between secured debt which would be paid upon reaffirmation and the fair value of the collateral is approximately $2,800.00. The court believes that Congress intended that the debtor should have the opportunity to have options concerning personal property owned pre-petition and scheduled. The flexibility to exercise these options during the course of the bankruptcy proceeding assists the debtor in establishing a fresh start. The argument of Sovran in this case would eliminate those options intended by Congress by establishing different time frames in which the options could be exercised. To do so would frustrate the intent of Congress.

The Code is silent as to when the debtors must exercise their option to redeem under 11 U.S.C. § 722. On the other hand, the Code is clear under 11 U.S.C. § 524(d), that the debtors may exercise their option to reaffirm post-discharge. Since the concepts of reaffirmation and redemption were considered by Congress together, it seems logical that the time frame for exercising one option should be equally applicable to the other option. This court holds that the debtors are entitled to exercise their rights of redemption under 11 U.S.C. § 722 post-discharge. Accord, *In re Cassell,* 41 B.R. 737, 739 (Bkrtcy.1984). Accordingly, it is

ORDERED:

That the motion of the debtors to redeem their 1987 Dodge Colt, VIN

JB3BA24K9HU120625, for the sum of $1,800.00 be, and it hereby is GRANTED and the debtors shall have a period of thirty (30) days from the date of the entry of this order to tender in collected funds to Sovran Bank, N.A. the sum of $1,800.00 at which time Sovran shall deliver the title to the vehicle to the debtors lien free.